# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 3, 2011

No. 11-50182
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIA GUADALUPE ORTIZ-AGUINAGA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-164-1

Before DAVIS, DeMOSS, BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Maria Guadalupe Ortiz-Aguinaga (Ortiz) appeals the 46-month within guidelines sentence imposed by the district court following her guilty plea conviction for illegal reentry after deportation. Ortiz argues that the sentence imposed is substantively unreasonable because it is greater than necessary to meet the sentencing goals in 18 U.S.C. § 3553(a)(2), as it overstates the seriousness of her offense, fails to provide just punishment, undermines respect for the law, and is greater than necessary to deter future crime and to protect

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50182

the public. In particular, she asserts that the Guidelines effectively double count her prior conviction by considering that offense in calculating her criminal history score and also in imposing a 16-level increase in her base offense level. Ortiz contends that her offense was simply an international trespass, that it was mitigated by her motive for returning, which was to visit her son's grave, and that she will be deterred from reentering now that she understands the harsh penalties attendant to returning to the United States.

Because Ortiz did not raise these arguments before the district court, we review only for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360-61 (5th Cir. 2009). This court has previously rejected the contention that the illegal reentry Guidelines impermissibly double count a defendant's prior criminal history, as well as the contention that the Guidelines overstate the seriousness of an illegal reentry offense based on the assertion that this is effectively only an international trespass offense. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Ortiz's asserted motive for reentering the United States does not establish that the district court plainly erred by imposing a within guidelines sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Finally, her contention that the harsh penalties associated with her offense will deter her from returning to the United States serves to support the district court's sentence. *See* § 3553(a)(2)(B) & (C).

The district court considered the arguments Ortiz made at sentencing, the facts of the case, and the appropriate statutory sentencing factors before concluding that a within guidelines sentence was appropriate. That determination is owed deference, and Ortiz's disagreement with the district court's assessment of those factors is insufficient to establish plain error. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

AFFIRMED.